# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA MEALY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. 06-109 Erie |
| RYAN ENVIRONMENTAL, INC., et al. | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Presently pending before the Court is defendants' "Motion to Compel" (Doc. 46), and plaintiff's responses thereto. Initially, the defendants requested that we compel the plaintiff to provide requested documentary and/or testimonial evidence concerning the following numerous subjects: medical records, psychological records, tax records, prior employment, driver's license, and photographs.

However, it appears that the parties have resolved all outstanding requests, but for one: whether the defendants' counsel should be permitted to redepose the plaintiff to inquire in to her prior employment as an exotic dancer.

Under Federal Rule 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The Third Circuit "employs a liberal discovery standard." Westchester Fire Ins. Co. v. Household Int'l, Inc., No. 05-1989, 2006 U.S.App. LEXIS 2375, at *11 (3d Cir. Jan. 17, 2006)(citing Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir.1999). While Rule 26 still defines the scope of discovery broadly, "courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions ... not related to the alleged claims or defenses." Collens v. City of New York, 222 F.R.D. 249, 253 (S.D. N.Y.2004)(collecting cases).

The plaintiff has filed documentation stating that she is making no claim for wage loss based on her prior employment as an exotic dancer. We find that the requested deposition testimony would delve into matters entirely without bearing on the case either as direct evidence or as leading to such evidence. It is not likely to lead to the discovery of admissible evidence on the grounds that its prejudicial impact outweighs is probative value, and also is irrelevant to plaintiff's wage loss claims. Fed. R. Evid. 402, 403.

AND NOW, to-wit, this **3d** day of **March**, 2008, IT IS HEREBY ORDERED THAT Defendants' Motion to Compel (Doc. 46) be and the same is hereby DENIED.

IT IS FURTHER ORDERED THAT the status conference concerning said Motion to Compel originally scheduled for March 10, 2008 is hereby CANCELED.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Counsel of Record