**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ALICIA MEALY,                )
                             )
       Plaintiff,        )
                             )
       v.                )       C.A. 06-109 Erie
                             )
RYAN ENVIRONMENTAL, INC., et al.  )
                             )
       Defendants.       )

## MEMORANDUM ORDER

This action arises from an accident in which plaintiff Alicia Mealy alleges she suffered injuries after a tanker truck collided with her vehicle. Presently pending before the Court is plaintiff's "Motion to Compel Defendants' Depositions and Discovery Responses" (Doc. 72) and defendants objections thereto.

It appears to be undisputed that defendant Paccar Leasing Corporation owned the tractor and Appalachian Leasing Services, Inc. performed maintenance on the tractor. Ryan Environmental, Inc. owned the trailer and was responsible for the maintenance of the trailer. The driver of the truck was Tommy Liberati, an employee of Ryan Environmental. According to the police report, the tanker truck was going 76 miles per hour and skidded some 562 feel prior to colliding with plaintiff's vehicle.

After the motion to compel was filed, the attorneys met and conferred in an effort to resolve this multifaceted discovery dispute. Although they have reached an agreement as to certain of the discovery requests at issue in the motion to compel, numerous requests remain at issue. First, Plaintiff has noticed the corporate depositions of Paccar Leasing, Inc. and Appalachian Leasing, Inc., seeking information concerning: a) maintenance of the vehicle; b) ownership of the vehicle/trailer; c) the policies and procedures the lessor utilized in furtherance of its alleged duty to supervise and operate the vehicle in a safe and careful manner and in compliance with all applicable

laws. Second, plaintiff sought discovery of certainl documents relating to any surveillance of the plaintiff. Third, plaintiff sought all documents relating to any citation or legal violation issued to Liberati, which plaintiff argues is relevant to the issue of punitive damages. Finally, plaintiff requested the personnel file of the former safety director of Ryan Environmental, including documents relating to his exit interview, prior to plaintiff's taking of the safety director's deposition.

Fed. R. Civ. P. 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(2(c) provides that

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive;
>
> * * *
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at state in the action, and the importance of the discovery in resolving the issues.

**1. Depositions of Paccar Leasing Corp and Appalachian Leasing Services**

Defendants object to the taking of the corporate depositions on a number of grounds. They argue that such information may be obtained by way of interrogatories, and that depositions, which would have to be conducted out of state, would create an undue burden and expense, particularly "where there is no evidence to keep either of these two entities in the case." (Def. Resp. at 3). Plaintiff correctly notes that Rule 26(a)(5) expressly provides that both depositions and interrogatories are permissible methods of discovery and may be used in any sequence.

According to defendants, the issue of ownership and control is not in dispute, because, as has been allegedly answered in both discovery responses and depositions, Paccar Leasing Corporation owned the tractor being operated on the accident date and Ryan Environmental owned

the trailer; the tractor owned by Paccar Leasing was then leased to Appalachian Leasing who leased it to Ryan Environmental. Defendants further object to deposition testimony of Paccar Leasing and Appalachian Leasing on the issue of maintenance of the tractor, because, as has been allegedly answered in previous discovery, Appalachian Leasing performed all maintenance of the subject tractor, and all maintenance records for the tractor have been provided to plaintiff's counsel in prior discovery responses. Finally, Defendants object to the discovery of information concerning the "supervision" because, under Pennsylvania law, there is no legal duty because a lessor of a motor vehicle is not liable for the negligence of a lessee while operating the vehicle, citing Jahn v. O'Neal and VIP Car Rental, Inc.,475 a.2d 837 (Pa. Super. 1984).

In response, plaintiff argues that, given the contractual arrangement between the parties, this case falls under the exception to the general rule announced in Jahn, i.e. liability on the lessor's part arises from the lessor's breach of a duty imposed by the lease with respect to maintenance and upkeep of the vehicle, if such breach causes injury to a third party, citing, inter alia, Evans v. Goldfine Truck Rental Service Co., Inc., 361 A.2d 643 (Pa. Super. 1976). It appears that the lessee may have obligated itself to provide accident information to the lessor, and arguably, the lessor may have assumed certain duties with regard to supervision and enforcement of the provisions of the agreement.

We find that plaintiff's discovery requests are reasonably calculated to lead to the discovery of admissible evidence, and we will therefore grant the motion to compel. The lease between Paccar Leasing, Inc. and Ryan Environmental, at a minimum, raises this as a possible legal issue which is fodder for further discovery. We need not determine the admissibility of evidence, or the sufficiency of the evidence on plaintiff's legal claim, at this point. We simply must decide whether plantiff's discovery requests are reasonably calculated to lead to admissible evidence.

**2. Surveillance/Impeachment Information**

Plaintiff's counsel has been advised that there was an attempted surveillance of the plaintiff but that no surveillance videotape exists. Plaintiff seeks to obtain a copy of the report of the

investigator. Defendants object on the grounds that although there is a requirement to disclose the existence of the surveillance report after the deposition of the plaintiff has occurred, there is no duty to disclose the report itself, which is subject to the work product doctrine pursuant to Fed. R. Civ. P. 26(b)(3), unless it is intended to be introduced into evidence at trial. Snead v. American Export-Isbrandtsen Lines, Inc., 59 F.R.D. 148 (E.D. Pa. 1973). Defendants assert that they do not intend at this time to use any part of this report at trial.

Defendants, however, reserve the right to introduce surveillance information at trial in the event that any surveillance is ultimately obtained. We therefore find that the report is not discoverable at this time and the motion to compel is denied as to this issue. We assume that in the event the defendants intend to introduce said report, such intention shall be reflected in their pretrial statement, and we will require an appropriate and timely disclosure at that juncture so that plaintiff may adequately assess and prepare her case.

### 3. Citation Information

Within their responses to plaintiff's motion to compel, defendants have clarified that the driver of the tanker was not issued a citation for reckless driving, but rather, careless driving. A copy of this citation has been provided to plaintiff's counsel. Liberati appealed this summary proceeding finding, and subsequently pled guilty to failure to stay in proper lane, 75 Pa. C.S. § 3309. During that time, Liberati was represented by the law firm of Dickie, McCamey & Chilcote, P.C., which also represents all other defendants in this case. Plaintiff seeks all correspondence to and from Dickie, McCamey & Chilcote, P.C. and the prosecutor and government offices relating to his plea deal. Defendants argue that such information is not likely to lead to the discovery of admissible evidence, pursuant to Loughner v. Schmelzer, 218 A.2d 768 (Pa. 1966), in which the Supreme Court of Pennsylvania held that a summary traffic violation was inadmissible in a civil suit for damages arising out of the same traffic violation.. 42 Pa. C.S.A. § 6142. In response to this argument, plaintiff concedes that because the defendants have produced the requested information relating to the truck driver's citation, plaintiff consents to having us deny the remainder of the

request. We will therefore deny as moot the motion to compel on this issue.

### 4. Exit Interview of Michael Bailey, Former Safety Director

Plaintiff intends to take the deposition of Bailey, the former safety director at Ryan Environmental, who completed an exit interview prior to leaving his employment with the company. According to the plaintiff, Bailey was the first person at Ryan Environmental to be notified of the accident. Defendants request that we hold this issue in abeyance until Bailey is advised of plaintiff's request and consents to the production of the exit interview information, which is arguably covered by privacy laws. Plaintiff asserts that she does not seek any personally identifiable information; rather she seeks a corporate document (and his testimony) which may reveal Bailey's difference(s) of opinion with respect to the company's commitment to safety and compliance with regulations. We will grant the motion to compel in this regard. Plaintiff is entitled to seek such information and that the defendants shall be compelled to produce the exit interview documentation, subject to any confidentiality agreement entered into by the parties.

In conclusion, we note that the pendency of this motion to compel has chipped away at a good amount of time slated for the discovery phase of this case. An appropriate order will be entered adjusting the deadline for the completion of discovery.

AND NOW, to-wit, this 17th day of March, 2009, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (Doc. 72) be and the same is hereby GRANTED IN PART and DENIED AS MOOT IN PART as more fully stated herein.

IT IS FURTHER ORDERED THAT discovery in this matter shall be extended to May 1, 2009. No further discovery extensions shall be granted.

IT IS FURTHER ORDERED THAT the parties shall file motions for judgment on the pleadings, for summary judgment, or to dismiss, on or before June 15, 2009.

IT IS FURTHER ORDERED THAT all terms and provisions set forth in our Final Case Management Order dated December 2, 2008 (Doc. 70) shall remain in full force and effect.


                                                /s/ Maurice B. Cohill, Jr.
                                                Maurice B. Cohill, Jr.
                                                Senior United States District Judge

cc:     Counsel of Record