IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALICIA MEALY, )
)
     **Plaintiff,** )
)
v. ) C.A. 06-109 Erie
)
RYAN ENVIRONMENTAL, INC., et al. )
)
     **Defendants.** )

## MEMORANDUM ORDER

     Presently pending before the Court are numerous motions. This lawsuit arises out of a motor vehicle accident between Plaintiff, Alicia Mealy, and Defendant Liberati, on May 12, 2004 in Smethport, Pennsylvania.

### A. Expert Reports and Proposed Bifurcation

     Pursuant to our March 9, 2010 Final Case Management Order, plaintiff's expert disclosures were due on or before June 12, 2010 and defendants were due on or before July 12, 2010. Expert depositions were to be completed by September 13, 2010, and any motions for summary judgment were to be filed on or before October 4, 2010.

     On June 17, 2010, plaintiff's counsel filed a First Motion to Continue Deadline for Plaintiff's Expert Reports, stating that plaintiff was considering surgery at the Cleveland Clinic. By order dated June 21, 2010, we granted plaintiff's motion and set the revised deadline for Plaintiff's expert disclosures/reports as July 19, 2010; defendants' expert disclosures/reports were due on or before August 20, 2010. Expert depositions were to be completed by October 18, 2010, and dispositive motions were to be filed by November 5, 2010.

     Plaintiff filed expert reports late, on August 3, 2010, and additional reports, also late, on August 6, 2010 (specifically, Rule 26(a)(2) Expert Disclosures). In the Motion to Amend Case Management Order, plaintiff proposes that this matter proceed on a bifurcated tract, suggesting that deadlines for summary judgment as to liability and punitive damages move forward, with damages

expert reports to be filed at a future date. Plaintiff requests a six week extension for liability expert discovery (suggested date October 15, 2010) and 90 days for medical/damages expert discovery (suggested date December 31, 2010). She offered to "file an update with the Court with respect to damages (i.e. whether she will have surgery, etc.) by October 1, 2010. Plaintiff's counsel suggests that in the interim defendants can file their respective liability reports and discovery relating to liability can be conducted.

Defendants have not filed any of their liability expert reports. Apparently this is because they take issue with the fact that one of plaintiff's expert reports, Joseph Tarris, as well as those reports contained in Plaintiff's rule 26(a)(2) expert disclosures, fail to comply with the requirements of Rule 26(a)(2)(A) and (B), which "will necessitate a motion to compel so that Defendant can obtain all information required under the Rule in advance of any expert discovery." Defendants have therefore filed a Motion to Compel Expert Disclosures" (Doc. 118) in which they aver that plaintiff has filed an expert report of Joseph Tarris, which is deficient and in violation of the rule because it does not include qualifications and authored publications, history of expert testimony, and compensation paid. Defendants also identify the expert report of Bennet I. Omalu as being deficient in those same areas as well as failing to indicate what data or information he considered in forming his opinions and failing to list exhibits that will be used to summarize or support this opinions. Finally, as to Robert Ancell and Associates, a retained expert and life care planner, defendants allege that plaintiff has not provided any of the information required by Rule 26(a)(2)(B).

Plaintiff admits to the alleged deficiencies and offers to cure any deficiencies within seven days of a proposed court order. (Doc. 123) at 2). We note that after the Motion to Compel Expert Disclosures was filed, plaintiff indeed supplemented her Motion for Summary Judgment on September 24, 2010 (Doc. 129) with a "preliminary" expert report, prepared by JP Tarris, Inc., which may or may not cure those defects alleged by defendants as to this particular expert. Nevertheless, to the extent that plaintiff has not cured expert reports, we will grant the motion to compel expert disclosures within seven days of the entry of this order. Fed. R. Civ. P. 26(e)(1)(B).

Defendants object to the bifurcation schedule proposed by plaintiff's counsel for a number of reasons, including that plaintiff does not even state that she will provide her remaining medical disclosures and reports by October 1, 2010; rather, she claims that those reports will be provided *or "updated."* Defendants suggest that we enter an order which would give plaintiff additional time to obtain expert reports of Dr. Kanter, other treating physicians, and her proposed life care planner, and that we further extend the deadline for the filing of dispositive motions and responses thereto. Plaintiff's counsel admits that plaintiff does not know if she will undergo the anticipated surgery. (Doc. 123 at 3). This frustrates the defendants, who, like the Court, are anxious to move this case forward. "If Plaintiff should elect to undergo surgery at some point," defendants reply, "Plaintiff can simply provide supplemental expert disclosures/reports." (Doc. 117 at 3).

We will deny the request to bifurcate and will enter an appropriate scheduling order. This action was filed on May 10, 2006, over four years ago. While plaintiff did apparently suffer serious injuries, this is still a fairly standard car accident case, which has been stalled and delayed far too long. Bifurcation of this case will only lead to further delay and does not appear to be in the interest of justice. However, we will give plaintiff additional time to obtain her expert reports. We do not intend to grant any further requests for extensions of time.

## B. Motion for Summary Judgment

Plaintiff has filed a "Motion for Summary Judgment as to Breach of Duty" (Doc. 115), to which defendants have responded. As mentioned earlier, plaintiff has also supplemented this motion with an expert report performed by JPTarris, Inc. (Doc. 129). Plaintiff asks that we render an interlocutory summary judgment as to liability alone, even if there is a genuine issue on the amount of damages. Fed. R Civ. P. 5(d)(2). Plaintiff argues that there is no genuine issue of material fact that the driver of the truck, Liberati, failed to exercise the skill or knowledge normally possessed by members of the truck driving profession in good standing in similar communities due to his professional training.

To the contrary, we find that there are genuine issues of material fact with respect to the

3

professional truck driver standard of care as well as pursuant to any of the allegedly applicable statutes, specifically, of 75 Pa. C.S. § 3361 ("the assured clear distance ahead rule"), 75 Pa. C.S. 3714 ("careless driving), 75 Pa. C.S. 3376 ("reckless driving"), 49 C.F.R. 396.7(a) and 49 C.F.R. 392.2.. For example, there is evidence that: 1) plaintiff's vehicle may not have been fully in the right lane; 2) her brake lights or turn signals may have failed to warn Mr. Liberati that plaintiff's vehicle was slowing or in the process of making a left hand turn; 3) Mr. Liberati moved into the eastbound lane to avoid an accident; 4) the Trooper who investigated the accident and cited Mr. Liberati for careless driving did not witness the accident and is not an expert in accident reconstruction; 5) defendants' expert report contradicts the assertion that Liberati was traveling at 76 miles per hour and concludes that he was traveling less than the speed limit; 6) the conviction for failure to stay in proper lane is potentially inadmissible; 7) Mr. Liberati believed there was sufficient space between his vehicle and plaintiff's vehicle, and when he noticed there was not enough space, he took evasive action; and 8) Robert Thornton traveled behind both vehicles for 9 to 10 minutes over 6 or 7 miles and testified that at no time was the tractor trailer exceeding the 55 miles per hour speed limit.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c), Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary judgment may be granted only if the moving party establishes that there exists no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. Summary judgment is appropriate only when the record evidence could not lead a reasonable jury to find for the non-moving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248-249 (1986). In evaluating a motion for summary judgment the court does not weigh the evidence or make credibility determinations. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000). Rather than evaluating the evidence and determining the truth of the matter, the court determines whether there is a genuine issue for trial.

Anderson, 477 U.S. at 249. In reviewing the evidence, the court draws all reasonable inferences in favor of the non-moving party. Reeves, 530 U.S. at 150; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

We conclude that there are a litany of material facts in dispute and that summary judgment is not appropriate. The record evidence shows conflicting testimony concerning negligence, possible contributory negligence and breach of duty. These matters, as well as the credibility of witnesses and whether certain regulations were violated, are best left to the jury. Plaintiff's motion for summary judgment as to liability will be denied.

### **C. Motion to Compel**

Defendants have filed a "Motion to Compel Plaintiff's Social Security Disability Records" (Doc. 124) and a supplement thereto (Doc. 128). Plaintiff testified in her deposition that she receives social security disability benefits and that the application for such benefits and an award were made after the May 12, 2004 accident at issue in this case. According to the defendants plaintiff was in another car accident seven months after the May 12, 2004 accident which resulted in a pelvic fracture, foot fracture and possibly a herniated disc. The defendants have asked numerous times that plaintiff execute an authorization for the release of the records. When subpoenaed, the Social Security Administration refused to turn them over on the grounds that they did not have plaintiff's consent to do so. In their supplement, defendants explain that they have withdrawn their other motion to compel (which had been filed in the United States District Court for the Western District of New York, the district in which plaintiff's records are maintained).

Plaintiff filed a response to the motion to compel which was filed in this Court. Plaintiff objects to the motion as untimely (discovery having ended May 12, 2010), on the grounds of inadmissibility and relevance, and finally, on the grounds that defendants are estopped from arguing additional factual discovery because they have taken the contrary position in other pleadings that the time for discovery has lapsed.

Under Federal Rule 26(b)(1), "[p]arties may obtain discovery regarding any matter, not

privileged, that is relevant to the claim or defense of any party .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The Third Circuit "employs a liberal discovery standard." Westchester Fire Ins. Co. v. Household Int'l, Inc., No. 05-1989, 2006 U.S.App. LEXIS 2375, at *11 (3d Cir. Jan. 17, 2006)(citing Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir.1999). While Rule 26 still defines the scope of discovery broadly, "courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions ... not related to the alleged claims or defenses." Collens v. City of New York, 222 F.R.D. 249, 253 (S.D. N.Y.2004)(collecting cases).

We note that plaintiff's deposition was taken on August 28, 2007, and her testimony concerning social security disability benefits having been applied for "right after the May 12th accident" was elicited in plaintiff's counsel's presence. (Doc. 124-3 at 39, Exhibit B to Motion to Compel). We also note that attached to defendants' motion to compel is documentation which shows that counsel for the defendants issued a subpoena to the Social Security Office in Olean, New York on March 18, 2010 (Doc. 124-4, Exhibit C to Motion to Compel). This is well in advance of the May 12, 2010 discovery deadline; plaintiff's counsel received a copy of the cover letter and subpoena. We therefore reject plaintiff's argument that the motion to compel is untimely.

However, we will deny the motion to compel based upon the collateral source rule. Evidence of collateral source payments received by Ms. Mealy could lead to a substantial problem should the jury learn of them. There is a concern that juries will factor in evidence of collateral payments when determining liability and therefore, the majority of courts have excluded such evidence for that reason. Phillips v. Western Co. of North America, 953 F.2d 923, 929 (5th Cir. 1992); see Eichel v. New York Cent. R.R. Co., 375 U.S. 253 (1963) (per curiam) (finding that the "likelihood of misuse by the jury clearly outweighs the value of this evidence"). According to Phillips:

> It is undoubtedly true that knowledge that an injured plaintiff may have resources available to him separate from defendant, may divert the jury's attention from its

> narrow task of determining whether the defendant was negligent. The jury may feel that awarding damages would overcompensate the plaintiff for his injury (even though the defendant would only pay once), and may factor this into the liability calculus.

Phillips, 953 F.2d at 929-30. There is another reason to exclude evidence of collateral benefits and that reason falls within the Federal Rules of Evidence. "If the substantive law disallows a setoff from the tort-feasor's damages for the plaintiff's collateral benefits, evidence of collateral benefits simply has no relevance in the lawsuit." Phillips, 953 F.2d at 930. Evidence that is not relevant is not admissible. Fed.R.Evid. 402. Permitting the admission of the Social Security determination of disability would confuse the jury regarding the issue of liability, if not usurp its role entirely. Morse v. Jimenez, 2004 WL 1211958 *1 (E.D. Pa. June 1, 2004) (defendants motion to compel discovery of disability record in motor vehicle accident case denied on the grounds of collateral source rule). Hence, discovery related to the Social Security will not be allowed and the subpoena must be quashed as it is not reasonably calculated to lead to the discovery of admissible evidence.

### D. Motion to Strike

Defendants have filed a "Motion to Strike Witnesses Listed in Plaintiff's Rule 26(a)(2) Expert Disclosures" (Doc. 119). In her response, plaintiff agrees to strike the two lay witnesses (Gracey Shay Mealy, and Sheila Goodnoe) from her trial witness list (Doc.122), but only if defendants agree that there by no additional fact based discovery, including social security records. We will not entertain this proposed and bizarre compromise. The issue of whether plaintiff's social security disability records are discoverable is separate and distinct from whether plaintiffs should be permitted to add witnesses after the close of discovery. Plaintiff's failure to identify these witnesses during fact-based discovery denied defendants the opportunity to depose them to determine the nature of their testimony. Insofar as there is no contention that the failure to identify these witnesses was substantially justified or harmless, we will grant defendants motion. Fed. R. Civ. P. 37 ( c) and direct plaintiff to strike the witnesses.

AND NOW, to-wit, this 29th day of September, 2010, IT IS HEREBY ORDERED THAT:

1) "Plaintiff's Motion to Amend Case Management Order to Bifurcate Liability and Damage Expert Reports/Discovery " (Doc. 113) be and the same is hereby DENIED.

2) "Plaintiff's Motion for Summary Judgment as to Breach of Duty" (Doc. 115) is DENIED.

3) Defendants' "Motion to Compel Expert Disclosures" (Doc. 118) is GRANTED. Plaintiff shall strictly comply with the provisions of Rule 26(a) and cure any defects for all expert reports on or before October 6, 2010.

4) Defendants' "Motion to Strike Witnesses Listed in Plaintiff's Rule 26(a)(2) Expert Disclosures" (Doc. 119) is GRANTED.

5) Defendants' "Motion To Compel Plaintiff's Social Security Disability Records" (Doc. 124) is DENIED.

6) The Case Management Schedule is hereby AMENDED as follows:

    a. Plaintiff shall make all disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) to counsel for the defendants no later than October 18, 2010.

    b. Defendants shall make all disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) to counsel for the plaintiff no later than November 18, 2010.

    c. All expert discovery shall be completed by December 17, 2010.

    d. Dispositive motions shall be filed no later than January 18, 2011. All such motions shall be accompanied by a memorandum in support, a concise statement of material facts, and an appendix, as more fully set forth in Local Rule 56.1B.

    e. Within 30 days of service of the motion for summary judgment, the opposing party shall file a responsive concise statement of material facts, a memorandum in opposition and an appendix, as more fully set forth in Local Rule 56.1C.

    f. Within 15 days of service of the opposing party's submission in opposition to the motion for summary judgment, the moving party may reply to the opposing party's submission in

the same manner as set forth in LR 56.1C.

g. Alleged material facts set forth in the moving party's concise statement of material facts or in the opposing party's responsive concise statement, which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party.

h. If the parties do not file motions for judgment on the pleadings, for summary judgment, or to dismiss, plaintiff's pretrial narrative statement shall comply with L.R. 16.1.4A and be filed on or before January 18, 2011. Counsel shall specify the material facts, including damages, to be proved at trial. Proof of material facts not specified may be excluded at trial upon objection or by the Court *sua sponte*.

i. If such dispositive motions are filed, and they are denied, plaintiff's pretrial narrative statement shall comply with L.R. 16.1.4A and be filed within forty-five days after the Court's decision. Counsel shall specify the material facts, including damages, to be proved at trial. Proof of material facts not specified may be excluded at trial upon objection or by the Court *sua sponte*.

j. Defendant's pretrial narrative statement shall comply with L.R. 16.1.4B and be filed within thirty days of the filing of plaintiff's pretrial statement. Counsel shall specify the material facts, including damages, to be proved at trial. Proof of material facts not specified may be excluded at trial upon objection or by the Court *sua sponte*.

k. Within ten days of the filing of defendant's pretrial statement, counsel for any third-party defendant shall file a brief narrative statement meeting the requirements of L.R. 16.1.4C.

l. If requested by the parties, the Court will schedule a status conference at the convenience of the Court and the parties.

m. If the case is not to be decided on dispositive motions, the case shall be called for trial in Erie, Pennsylvania on March 7, 2011. Counsel are instructed to review the provisions of L.R. 16.1.

n. The court shall schedule a pretrial conference at a later date.

o. Subsequent to the pretrial conference, counsel for all parties may be ordered by the Court to meet at a mutually convenient place to complete a pretrial stipulation to further delineate the legal and factual issues involved.

7) No further extensions of time will be granted.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:   Counsel of Record