# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALICIA MEALY, )
 )
        Plaintiff, )
 )
  v. ) C.A. 06-109 Erie
 )
RYAN ENVIRONMENTAL INC., et al. )
 )
        Defendants. )

## MEMORANDUM ORDER

Presently pending before the Court are the following: 1) Motion for Summary Judgment by defendants Appalachian Leasing Services, Inc. ("AL") and Paccar Leasing Corporation ("PL") (Doc. 137); 2) Motion for Partial Summary Judgment by defendants AL, Tommy Liberati, and Ryan Environmental, Inc. ("Ryan") (Doc. 140); 3) Motion to Compel Records of John D. Wrightson, M.D. by defendants AL, Tommy Liberati, PL, and Ryan and Supplement thereto (Doc. 143, 149); and 4) Motion for Protective Order by defendants AL, Liberati, PL and Ryan (Doc. 144). In addition, Plaintiff's counsel, Richard Shenkan, has filed a "Rule 56(D) Affidavit Requesting Limited Discovery in Aid of Responding to Summary Judgment Motions an Response to Defendant's Motion to Preclude Discovery Pertaining to Steven Rickard" (Doc. 150). We have also reviewed various other affidavits and declarations filed by counsel of record.

With respect to the "Motion to Compel Records of John D. Wrightson, M.D." (Doc. 143)

1

we will deny said motion as moot. In their supplement defendants state, "[s]ince Dr. Wrightson has now provided the information that was originally requested, the Motion to Compel Records of John D. Wrightson, M.D. can be denied as moot." (Doc. 149 at ¶ 4).

On September 29, 2010, we entered an order that expert discovery was to be completed by December 17, 2010 and dispositive motions were to be filed on or before January 18, 2011. On December 8, 2010, with the agreement of the parties, Magistrate Judge Baxter conducted a mediation, which proved unsuccessful. It is clear that for the next month thereafter, counsel of record were attempting to resolve discovery disputes related to expert report calculations, expert report supporting documentation, and the scheduling of depositions. There appears to have been an assumption that counsel would file a stipulated request for extension of time with respect to the December 17, 2010 discovery deadline, and in fact, counsel worked past the deadline: on December 28, 2010, defendants took the deposition of plaintiff's expert, John Wrightson.

On January 18, 2011, although expert discovery was not complete, defendants filed their motion for summary judgment and motion for partial summary judgment. Defendants' counsel was understandably concerned that the Court would not tolerate further extensions. The motion for partial summary judgment principally relates to the issue of punitive damages and the lessor/owner's liability; they argue that plaintiff's evidence that Liberati was operating the tractor trailer in excess of 70 miles per hour is not based on reliable methodology. Plaintiff contests this, and in fact, has filed an affidavit in opposition in which Officer Ted Race explains his training and methodology in determining the speed of the tractor trailer. Of course it is our duty to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592-93 (1993).

Accordingly, if the parties continue to contest the reliability of said testimony, we will schedule a Daubert hearing on this matter on further order of court.

Nevertheless, there is obviously a factual dispute as to the speed of the tractor trailer just prior to and at the point of impact. At this juncture, it appears in all likelihood that this is a classic example of an issue that must be decided by a jury, although we hasten to add that we are not ruling on the merits of any dispositive motion. Defendant's expert, Steven Rickard, a traffic accident reconstructionist, made certain findings which plaintiff's expert witness, Joseph Tarris, disputes. Plaintiff's counsel asserts that in order to properly respond to defendant's motion for partial summary judgment on the issue of punitive damages, additional discovery is necessary. He argues that defendants have failed to comply with Rule 26 disclosures (in particular, the "other data" on which Rickard relied in his inspection as well as basis for his calculations). It appears to the court that such information should be provided in the interest of justice.

Defendants argue that Rickard's calculations of the speed of the vehicle being operated at the time of the accident were not detailed in the reports and "because those calculations could not be obtained in sufficient time in advance of the depositions of Rickard and Tarris scheduled for December 14, 2010, I suggested to Mr. Shenkan that we postpone the depositions until early January." Doc. 151 at pp. 4-5. Rickard, however, has not been deposed, nor has Dr. Adam Kanter (plaintiff's treating physician) or Joseph Tarris. Plaintiff requests that defendants fully answer discovery served on them on January 14, 2011 and provide a supplemental report. These requests are reasonable under the circumstances.

Defendants' Motion for Protective Order Regarding Plaintiffs Expert Discovery as Relating to Steven Rickard explains that plaintiffs written discovery request was served 28 days

after the expert discovery deadline of December 17, 2010. They therefore argue that we should issue a protective order on the grounds of untimeliness, citing Fed. R. Civ. P. 1. To the contrary, out of an abundance of caution, and in the interest of justice, we will extend expert discovery to allow the parties to exchange information pertinent to the central issues in this case.

We admonish counsel, for future reference, that we do not enjoy getting involved in what can only be described as "sandbox fights" concerning discovery disputes. Counsel shall make every attempt to resolve their differences without court intervention.

AND NOW, to-wit, this 28th day of April, 2011, it is hereby ORDERED, ADJUDGED and DECREED THAT:

1) The "Motion to Compel Records of John D. Wrightson, M.D." (Doc. 143) is hereby DENIED AS MOOT;

2) Expert discovery in this matter shall be extended until July 1, 2011;

3) The Motion for Partial Summary Judgment by defendants Appalachian Leasing Services, Inc., Tommy Liberati, and Ryan Environmental, Inc. (Doc. 140) is DENIED WITHOUT PREJUDICE;

4) Motion for Protective Order by Defendants Appalachian Leasing Services, Inc., Tommy Liberati, Paccar Leasing Corporation, Ryan Environmental Inc. (Doc. 144) is hereby DENIED.

5) Any dispositive motions shall be filed on or before July 22, 2011; within 30 days of service of such motion(s) the opposing party shall file a responsive concise statement of material facts,, memorandum and appendix; within 15 days of service of opposing party's submission the moving party may reply; if the parties do not file dispositive motions, Plaintiff's pretrial narrative

statement shall be filed on or before July 22, 2911; Defendants' pretrial narrative statement shall be filed within 30 days of the filing of Plaintiff's pretrial statement; if the case is not to be decided on dispositive motions, the case shall be called for trial in Erie, Pennsylvania, no sooner than the August 2011 term of court; the Court will schedule a pretrial conference and trial at a later date;

      6) The Plaintiff shall respond to the Motion for Summary Judgment by defendants Appalachian Leasing Services, Inc. and Paccar Leasing Corporation (Doc. 137) on or before July 29, 2011;

      7) Defendants shall file a response to the Motion in Limine to Exclude Psychiatric History" (Doc. 156) on or before May 16, 2011.

/s/ *Maurice B. Cohill, Jr.*
U.S. District Court Judge

cc: counsel of record